# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LAVON ODEN,

    Petitioner,   : Case No. 1:18-cv-420

- vs -         District Judge Susan J. Dlott
            Magistrate Judge Michael R. Merz

Warden,
North Central Correctional Complex,

             :

    Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Lavon Oden under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 10), to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 9), recommending that the Petition be dismissed with prejudice.

The Court has reviewed the findings and conclusions of the Magistrate Judge and has considered *de novo* all of the filings in this case with particular attention to the issues as to which Petitioner has lodged objections. Having done so, the Court determines that the Magistrate Judge's recommendations should be adopted.

In his First Ground for Relief, Oden asserts the trial court erred in admitting hearsay testimony in violation of the Confrontation Clause. The Report recommended dismissing this ground as procedurally defaulted because no contemporaneous objection was made at trial and no mention of the Confrontation Clause was made on direct appeal.

1

Oden objects that his Confrontation Clause claim was fairly presented to the First District because it was argued in terms "sufficiently particular to allege a denial of the specific constitutional right in question and alleged facts well within the mainstream of the pertinent constitutional law." (Objections, ECF No. 10, PageID 1937.) He also asserts his trial counsel's failure to make contemporaneous objections was ineffective assistance of trial counsel, dealt with in Ground Three. *Id.*

Because there had been no contemporaneous objection, the First District reviewed Oden's second assignment for plain error and found none in light of the "significant admissible evidence of guilt . . ." *State v. Oden,* Case No. C-150387 (1st Dist. Sep. 23, 2016)(copy at State Court Record, ECF No. 4, PageID 160). Oden objects to the Report's deference to this decision on the ground that the appellate court did not explain how it reached this evaluation and claims the remaining evidence "lacks merit to sustain this petitioner's conviction." (Objections, ECF No. 10, PageID 1938). However, Petitioner does not in his own turn explain why this is so. Craig, the out-of-court witness whose identification is complained of, was not the only witness to the shooting. *Id.* at PageID 158.

In his Second Ground, he asserts he was denied a fair trial when the court refused to declare a mistrial over an asserted violation of a separation of witnesses order. The Magistrate Judge found that the state court decision on this issue was not an objectively unreasonable application of the relevant Supreme Court precedent, particularly of Justice Story's "manifest necessity" holding in *United States v. Perez,* 22 U.S. (9Wheat) 579 (1824), and was therefore entitled to deference under 28 U.S.C. § 2254(d)(1) as enacted by the AEDPA.

In his Objections, Oden discounts the holding of the First District that there was no proof of violation of the separation of witnesses order and that, in any event, conversation between

Boston and Craig was not between witnesses subject to the separation order because Craig never testified. Oden emphasizes that Craig may have influenced Boston's testimony. Perhaps so, but that would not have been a violation of the separation of witnesses order, again because Craig never testified and Boston certainly could have been cross-examined about the sources or origins of his own testimony. In any event, Oden's claim that this was somehow a "structural error" is unsupported by any citation to Supreme Court authority labeling errors of this character as structural.

Oden's Third Ground claims ineffective assistance of trial counsel in various respects. The Report found that the Ohio First District Court of Appeals had decided this claim on the merits and its decision was not an objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). In attempting to overcome the First District's denial of his ineffective assistance of trial counsel claims and thereby prove excusing cause for the lack of contemporaneous objections, Oden argues the First District should have applied *United States v. Cronic*, 466 U.S. 648 (1984), to evaluate his ineffective assistance of trial counsel claims, instead of *Strickland*. But counsel's failure to make an objection does not amount to a complete denial of representation which would lead to a presumption of prejudice. The record shows defense counsel spent considerable effort subjecting the State's case so "meaningful adversarial testing," including employment of experts on relevant cell tower technology and eyewitness identification.

Grounds Four, Five, and Six of the Petition raise claims of ineffective assistance of appellate counsel. The Report concluded these claims were procedurally defaulted by Oden's failure to appeal to the Supreme Court of Ohio from the First District's denial of his Application to Reopen under Ohio R. App. P. 26(B). In his Objections, Oden admits he did not timely appeal from the denial, but pleads with this Court to give him an opportunity to prove that failure to timely

appeal was the fault either of the appellate court staff or the prison staff. The Petition in this case was filed June 15, 2018, more than eighteen months ago. He has known since the Return of Writ was filed August 10, 2018, that the State was claiming a procedural default because no appeal was filed. Oden gives no explanation about why this should not have been adequate opportunity to prove this excuse.

Accordingly, it is hereby ORDERED that the Petition herein be dismissed with prejudice and that Petitioner be denied a certificate of appealability. The Court hereby certifies to the Sixth Circuit Court of Appeals that any appeal from this Order would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

It is ORDERED.

Susan J. Dlott
United States District Judge