# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LAVON ODEN,

              Petitioner,        :        Case No. 1:18-cv-420

- vs -                            District Judge Susan J. Dlott
                                       Magistrate Judge Michael R. Merz

Warden,
North Central Correctional Complex,

                                  :

              Respondent.

## DECISION AND ORDER DENYING MOTION TO AMEND
## JUDGMENT AND DECLINING TO TAKE JUDICIAL NOTICE

This habeas corpus case, brought *pro se* by Petitioner Lavon Oden under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion for Reconsideration (ECF No. 14) and Motion for Judicial Notice (ECF No. 15).

**Motion for Reconsideration**

Petitioner seeks reconsideration of the Court's Decision and Order of January 2, 2020, which dismissed his Petition with prejudice (ECF No. 12). The Motion purports to be brought under Fed.R.Civ.P. 59(e) and is timely under that Rule.

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009)

1

(quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ.* 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

After acknowledging this standard, including citing *Gencorp*, Petitioner asserts that "A motion for reconsideration is appropriate where the court has misapprehended the facts, a party position or the controlling law." (Motion, ECF No. 14, PageID 1960). However, he cites no authority for this much broader standard. Motions for reconsideration are disfavored because they consume scarce judicial resources on matters already decided. It is not appropriate to use a motion for reconsideration to revisit arguments already made and rejected. *Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).

**Ground One: Admission of Hearsay Evidence**

In his First Ground for Relief, Petitioner claimed the trial court erred in admitting hearsay evidence. The Magistrate Judge found this Ground for Relief was forfeited by procedural default when trial counsel made no contemporaneous objection (Report, ECF No. 9, PageID 1927). The First District Court of Appeals reviewed this claim only on a plain error basis, thereby enforcing the procedural default, and found there was "significant admissible evidence of guilt" in addition to the inadmissible hearsay. This Court deferred to the First District's conclusion (Decision and Order, ECF No. 12, PageID 1955). In his Motion for Reconsideration, Petitioner argues that this Court should find the other witnesses – Curtis Boston and Robert Johnson – unreliable (Motion, ECF No. 14, PageID 1960-61).

Oden relies on *United States v. Pugh*, 405 F.3d 390 (6th Cir, 2005). In that case the Sixth Circuit reversed a conviction for armed bank robbery because the Government presented an out-of-court identification of defendants made by the mother of the girlfriend of one of them while she was in jail. The circuit court applied the then-recent decision[1] of the Supreme Court in *Crawford v. Washington*, 541 U.S. 36 (2004).

The decision in *Pugh* does not warrant amendment of the judgment here. First of all, *Pugh* is not new controlling law handed down since the judgment. It is instead a decision almost fifteen years old that was not cited to the Court before it entered judgment. Second, *Pugh* was decided on direct appeal rather than on a habeas corpus petition. In deciding whether Oden was entitled to relief on his First Ground for Relief, this Court was bound to enforce the procedural default which the First District had found and also bound to defer to its determination of the sufficiency of the evidence aside from the inadmissible hearsay. Petitioner asks this Court to find witnesses Boston

---

[1] Pugh was argued in the Sixth Circuit on June 9, 2004, but not decided until May 3, 2005. The trial in Pugh was held in September 2002, substantially before *Crawford* made a major change in Confrontation Clause law. See Case No. 1:02-cr-054, ECF Nos. 49, 52-56.

3

and Johnson unreliable, but weighing the credibility of witnesses in a habeas corpus case is for the jury in the first instance and the state court of appeals in the second instance. Habeas corpus courts are not to reweight the reliability of witnesses. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012).

**Ground Two: Failure to Declare a Mistrial**

In his Second Ground for Relief, Petitioner asserted the trial judge erred in denying a mistrial over an asserted violation of the separation of witnesses order. The Magistrate Judge concluded the applicable federal standard was the manifest necessity doctrine first enunciated in *United States v. Perez*, 22 U.S. (9 Wheat.) 579 (1924)(Story, J.). The First District decided this claim on the merits and the Magistrate Judge concluded its decision was not an objectively unreasonable application of *Perez* (Report, ECF No. 9, PageID 1928). The Court adopted this conclusion (Decision, ECF No. 12, PageID 1955-56).

Oden now seeks amendment of the judgment on the ground that it was an abuse of discretion for the trial judge not to declare a mistrial and that it was a structural error not to do so. A claim of abuse of discretion does not state a claim of constitutional dimensions because abuse of discretion is not a denial of due process. *Sinistaj v. Burt*, 66 F.3d 804 (6th Cir. 1995). The Supreme Court has never held that a trial court's limitation on cross-examination of a witness about his out-of-court conversations with another possible witness constitutes a structural error.

4

Oden's attempt to shoehorn this claim into a violation of *United States v. Cronic*, 466 U.S. 648, 659 (1984), was already rejected.

**Ground Three: Ineffective Assistance of Trial Counsel for Failure to Object**

Oden's Third Ground for Relief asserted he received ineffective assistance of trial counsel. The Magistrate Judge rejected this claim, applying the standard from *Strickland v. Washington*, 466 U.S. 668 (1984)(Report, ECF No. 9, PageID 1929-32.) Oden objected that *Cronic* was the appropriate standard and the Court rejected that claim (Decision, ECF No. 12, PageID 1956). The Motion merely reargues this issue and presents no intervening controlling law.

**Grounds Four, Five, and Six: Ineffective Assistance of Appellate Counsel**

In his Fourth, Fifth, and Sixth Grounds for Relief, Petitioner claims he received constitutionally ineffective assistance of appellate counsel when his attorney failed to raise several assignments of error. The Magistrate Judge concluded these claims were barred by Oden's procedural default in not appealing denial of the Ohio App. R. 26(B) Application to the Supreme Court of Ohio (Report, ECF No. 1933). Oden objected and asked for an opportunity to prove that his failure was the fault of either appellate court staff or prison staff. The Court rejected this request because Petitioner provided no explanation of why he had not already had sufficient opportunity (ECF No. 12, PageID 1957). Oden does not now offer an explanation, but asks this Court to now order the Hamilton County Clerk of Courts to provide an affidavit about the mailing of the decision on the 26(B) Application (Motion, ECF No. 14, PageID 1967). Oden makes no

5

showing why he could not have requested this assistance long before the Magistrate Judge filed his Report.

**Motion for Judicial Notice**

In his Motion for Judicial Notice, Oden again presents argument on his first three Grounds for Relief. Argument is not a proper subject of judicial notice. Fed. R. Evid. 201(b) provides

> **(b) Kinds of Facts That May Be Judicially Noticed**. The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> (1) is generally known within the trial court's territorial jurisdiction; or
>
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

None of the arguments in Petitioner's Motion constitute "facts" of this sort.

**Conclusion**

Petitioner's Motion for Reconsideration (ECF No. 14) and Motion for Judicial Notice (ECF No. 15) are DENIED.

January 27, 2020.

Susan J. Dlott
United States District Judge